UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

LACONYA WILLIAMS,

       Plaintiff,

-vs-

OFFICER TRENTON CLARK,
OFFICER SPENCER SELLNER,
OFFICER KYLE WILSON,
SERGEANT JOSEPH DAILY in
their Individual and Official
Capacities, jointly and severally,

       Defendants.

Civil Action No
Hon.

_____/

**CARL JACKSON III (P46868)**
CARL JACKSON III, J.D., P.C.
Attorney for Plaintiff
32255 Northwestern Hwy., Ste. 224
Farmington Hills, Ml 48334
P: (248) 932-2559 | F: (248) 932-0559
cj3@cj3law.com

_____/

## COMPLAINT AND JURY DEMAND

    NOW COMES Plaintiff LACONYA WILLIAMS by and through her attorneys, Carl Jackson III, J.D., P.C. and in support of her Complaint against the above-named Defendants, states unto this Honorable Court, as follows:

**JURISDICTION AND VENUE**

1. This civil rights action is brought for redress of alleged deprivation of constitutional rights as protected by the Civil Rights Act, 42 U.S.C. § 1983, et seq., and the Fourth and Fourteenth Amendments of the United States Constitution. This action arises under the laws of the United States, and jurisdiction is conferred on this Court under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Supplemental jurisdiction of the Court over the claims arising under state law is invoked under 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in this District under 28 U.S.C. § 1391(b), wherein the parties reside, or, at the time the events took place, resided in, and all incidents, events, and occurrences giving rise to this action arose in this judicial district.

**PARTIES**

3. Plaintiff Laconya Williams ("Plaintiff") at all times relevant hereto was a resident of Grand Rapids Michigan.

4. Defendant Trenton Clark ("Clark") was at all times relevant hereto and in all his actions described herein, a duly-appointed police officer employed by the Grand Rapids Police Department, bearing badge number 365, who at the time of the incident alleged herein was acting within the scope of employment and under color of state law. He is sued in his individual capacity.

5. Defendant Spencer Sellner ("Sellner") was at all times relevant hereto and in all his actions described herein, a duly-appointed police officer employed by the Grand Rapids Police Department, bearing badge number 293, who at the time of the incident alleged herein

was acting within the scope of employment and under color of state law. He is sued in his individual capacity.

6. Defendant Kyle Wilson ("Wilson") was at all times relevant hereto and in all his actions described herein a duly appointed police officer employed by the Grand Rapids Police Department, bearing badge number 063, who at the time of the incident alleged herein was acting within the scope of employment and under color of state law. He is sued in his individual capacity.

7. Defendant Joseph Daily ("Daily") was at all times relevant hereto and in all his actions described herein a duly appointed Sargent and Supervisor employed by the Grand Rapids Police Department, bearing badge number 541, who at the time of the incident alleged herein was acting within the scope of employment and under color of state law. He is sued in his individual capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

10. That On December 1, 2018, Plaintiff was at her home located in the City of Grand oRapids where she was creating music CD's inside her home.

11. Than on the same day, Defendant Wilson and Defendant Sellner, both officers of the Grand Rapids Police Department approached Plaintiff's home.

12. That one of the named Defendant Officers began knocking on Plaintiff's door while a the other officer peered through Plaintiff's window with a bright flashlight.

13. That Plaintiff heard the knocking and turned the music off.

14. That although the music was no longer playing, Defendant's Wilson and Sellner continued to knock on Plaintiff's door.

15. That Plaintiff, through a closed door asked Defendant Wilson and Sellner whether there was a problem and one of the named Defendant Officers stated "yes the music is too loud."

16. That Plaintiff then reassured the officers that the alleged problem was taken care of, because she turned her music off but refused to open the door.

17. That one of the three Defendant Officers stated that because Plaintiff refused to talk to them, they will "submit for a warrant."

18. That two Defendant officers named herein walked off the porch as if they were leaving the premises, however, one officer began running all the car plates in front of Plaintiff's residence.

19. The two of the Defendant Officers walked back up on the porch and continued their attempt to converse with Plaintiff.

20. That by this time, a third officer, Trenton Clark arrived and walked on Plaintiff's porch again attempting to make Plaintiff open the door and come on the porch.

21. That Plaintiff told all three Defendant officers that she resolved the alleged problem and requested that they leave.

22. That the Defendant officer than threatened to call CPS on Plaintiff because of a random allegation that she was an irresponsible parent.

23. That the Defendant officer then threatened to call Plaintiff's landlord claiming that an eviction process will take place on the following Monday because she was bugging the neighbors with her "strip tease" music.

24. That the three officers left the porch, threatening to arrest Plaintiff if they had to come back to her home.

25. That upon noticing the Defendant Officer's continuous harassing behavior and refusal to leave her premises, Plaintiff continued to talk to two Defendant officers, Wilson and Sellner who were located on the front sidewalk directly in front of her home.

26. That although Plaintiff requested that all three Officers, Sellner, Wilson and Clark, leave her premises, Defendant Officers Wilson and Sellner remained on the sidewalk, and unbeknownst to Plaintiff, the third officer Clark proceeded to the side and/or back of Plaintiff's premises.

27. That at this time Plaintiff was standing in her doorway with the door to her home slightly open, in an effort to again speak with Defendant Officers Sellner and Clark, who were still standing on the sidewalk in front of her home, when suddenly and without warning Defendant Clark came from the side of the house, ran on the porch, pushed and placed his foot in Plaintiff's doorway, grabbing the door frame and reached in grabbing Plaintiff's left shoulder in an attempt to yank her out of her home.

28. That while Defendant Clark unprovokedly and surprisingly grabbed Plaintiff's body, Plaintiff was holding the door frame when Defendant Officer Clark began using excessive force by punching Plaintiff's hands to force their release the door frame.

29. That two Defendant Officers Sellner and Wilson suddenly ran from the sidewalk up on the porch to help Defendant Clark unlawfully apprehend Plaintiff.

30. That Defendant Clark than fully and unlawfully grabbed Plaintiff, placing her in a headlock position while Defendants Wilson and Sellner assisted in the unlawful use of excessive

force by assisting in forcibly grabbing Plaintiff, slamming Plaintiff down on the porch while one of the Defendant Officers placed a knee in her back-causing injury.

31. That one of the Defendant Officer's than yelled, "Laconya Williams, you are under fucking arrest."

32. That while on the ground, Plaintiff began blacking out, was handcuffed and then snatched back up to her feet.

33. That while Plaintiff was being physically assaulted and attacked by the Defendant officers, Plaintiff's children were in the doorway watching and yelling for the Defendants to "leave my mother alone."

34. That Plaintiff was taken to a police car, where she was physically searched and placed into the squad car.

35. That Upon information and belief, at some point, Defendant Sargent Daly arrived to the scene because the named Defendant Officers Sellner, Clark and Wilson engaged in force.

36. That after review of Defendant Wilson, Sellners and Clark's actions, Defendant Daly who oversaw and supervised these officers approved these Defendant officers unconstitutional actions causing Plaintiff to endure being jailed, charged with [crimes] and eventually going through a jury trial.

37. That after her arrest, Plaintiff was charged on three Misdemeanor Ordinance Violations including Sec. 9.63(1), 9.137(1) and 9.135(1).

38. That after the jury trial, Plaintiff was acquitted of all three charges.

39. That the aforesaid acts and omissions of Defendants were done knowingly, intentionally and for the purpose of depriving Plaintiff of her constitutional rights in reckless and

callous disregard of the same, and by reason thereof Plaintiff claims exemplary and punitive damages against each individual Defendant in an amount according to proof.

## COUNT I
### 4TH AMENDMENT-ILLEGAL ENTRY
### UNDER 42 U.S.C. §1983
### (AGAINST ALL DEFENDANTS)

40. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

41. That under the Fourth Amendment, a police officer may not enter a private home without a warrant absent exigency or consent.

42. That Defendant Clark wrongfully violated the Fourth Amendment by placing his foot in a cracked door, where Plaintiff's body was not fully exposed, grabbing her arm and shoulder in an attempt to pull Plaintiff out of her residence without consent.

43. That Defendant Wilson and Sellner willfully violated Plaintiff Fourth Amendment rights by assisting Defendant Clark in grabbing Plaintiff out of her home and body slamming Plaintiff to the ground causing injury.

44. That Plaintiff advised Defendant Wilson, Defendant Sellners and Defendant Clark to leave her premises on several occasions, therefore all actions stated herein were done without consent.

45. That the alleged ordinance violations of which Plaintiff was charged and later acquitted did not create an exigent circumstance.

46. That the acts of Defendants described above are clearly established violations of the Fourth Amendment.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, in the amount of Two Hundred Fifty ($250,000.00) Dollars and for compensatory

damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### 4TH AMENDMENT
### UNDER 42 U.S.C. §1983
### UNREASONABLE SEARCH AND SEIZURE-DETENTION AND ARREST WITHOUT PROBABLE CAUSE
### (AGAINST ALL DEFENDANTS)

47. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

48. That the Defendants wrongfully and unlawfully caused the seizure, search, arrest and detention of Plaintiff by:

   a. Refusing to leave Plaintiff's premises thus confining her to her home;

   b. Unlawfully searching Plaintiffs home by shining the flashlight through the windows of Plaintiffs home;

   c. Conducting an objectively, unreasonable and insufficient investigation of the guilt of Plaintiff; and/or

   d. Preparing reports and providing to the prosecuting attorney information that was false, misleading and incomplete; and/or

   e. Providing false, misleading and incomplete information and testimony in one or more official court proceedings; and/or

   f. Failing and refusing to provide exonerating or exculpatory evidence to the prosecuting attorney.

49. That the act of physically seizing, arresting and charging Plaintiff with violating misdemeanor Local Ordinances Sec. 9.63(1), 9.137(1) and 9.135(1) with no probable cause constitutes separate objectively unreasonable seizures under the Fourth Amendment entitling Plaintiff to damages.

50. That Defendants acting individually or together in concert resulting in Plaintiff being falsely, maliciously, and unlawfully arrested and detained, and Plaintiff was thereby deprived of his right to be free from unreasonable and unlawful seizure of his person in violation of the Fourth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, in the amount of Two Hundred Fifty ($250,000.00) Dollars and for compensatory damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### 4TH AMENDMENT
### UNDER 42 U.S.C. §1983
### EXCESSIVE FORCE
### (ALL DEFENDANTS)

51. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

52. That all actions alleged herein were undertaken by Defendant Sellner as a police officer under the color of law.

53. That all actions alleged herein were undertaken by Defendant Wilson as a police officer under the color of law.

54. That all actions alleged herein were undertaken by Defendant Clark as a police officer under the color of law.

55. That Plaintiff had a cognizable interest under the Fourth Amendment of the United States Constitution to not be subjected to excessive force while being detained or arrested by Defendants Sellner, Wilson and Clark.

56. That on December 1, 2018, Defendants Sellner, Wilson and Clark each intentionally collectively and/or individually used excessive force including but not limited to: punching Plaintiffs hands, placing her in a choke hold, body slamming her on her back, placing handcuffs on tight.

57. That The force applied to Plaintiff was in excess of the amount of force a reasonable police officer would have used under similar circumstances.

58. That as a direct and legal result of the acts and omissions of Defendants Sellner, Wilson and Clark, and each of them, as police officers under color of law, Plaintiff has suffered extreme and severe mental anguish and pain and has been injured in mind and body.

59. The conduct of Defendants Sellner, Wilson and Clark was willful, wanton, malicious, and done with reckless disregard of the rights and safety of Plaintiff and therefore warrants imposition of exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, in the amount of Two Hundred Fifty ($250,000.00) Dollars and for compensatory damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

### VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE 14TH AMENDMENT (42 U.S.C. §1983)

60. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

61. That all actions alleged in this Complaint undertaken by Defendant Sellner were undertaken under color of state law.

62. That all actions alleged in this Complaint undertaken by Defendant Wilson were undertaken under color of state law.

63. That all actions alleged in this Complaint undertaken by Defendant Clark were undertaken under color of state law.

64. That Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

65. That as a direct and legal result of the unreasonable search and seizure and excessive force by Defendants Sellner, Wilson and Clark and each's failure to intervene, Plaintiff was injured and suffered damages.

66. That the above described actions of Defendants Sellner, Wilson and Clark individually and as peace officer, inclusive, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff.

67. That Defendants Sellner, Wilson and Clark further acted with purpose to harm unrelated to and unjustified by any legitimate law enforcement objective, in that the herein named Defendants were acting to retaliate against Plaintiff among other things, for refusing to come on the porch and talk to them.

68. That as a direct result and legal result of the acts of Defendant Sellner, Wilson and Clark, individually and as peace officers, inclusive, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

69. That the conduct of Defendants Sellner, Wilson and Clark, individually and as peace officers, inclusive, was willful, wanton, malicious, and done with reckless disregard for the

rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, in the amount of Two Hundred Fifty ($250,000.00) Dollars and for compensatory damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

### FAILURE TO INTERVENE
### (42 U.S.C. §1983)
### (DEFENDANTS SELLNER AND WILSON)

70. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

71. That at the time Defendant Clark was attempting to unlawfully seize Plaintiff, unlawfully enter her home, use excessive force and other cognizable state and constitutional violations, Defendants Sellner and Wilson failed to intervene to protect Plaintiff.

72. That instead of intervening to protect Plaintiff from the wrongful acts of Defendant Clark, Defendants Sellner and Wilson chose to engage in the unlawful acts.

73. That as a direct result of Defendants Sellner and Wilson individually and as peace officers, Plaintiff suffered extreme and severe mental anguish and pain and has been injured throughout her mind and body.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, in the amount of Two Hundred Fifty ($250,000.00) Dollars and for compensatory damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

**MALICIOUS PROSECUTION/ABUSE OF PROCESS**
**(42 U.S.C. §1983)**
**(ALL DEFENDANTS)**

74. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

75. That in bad faith, all Defendants herein initiated a criminal prosecution against Plaintiff which ultimately terminated in Plaintiffs favor.

76. That there was no probable cause for the prosecution and the Defendants clearly acted from malicious motive.

77  That Defendants failed to fully and faithfully state true facts and offer them to the prosecuting attorney who as a result swore to false facts in the Complaint for which there was no probable cause.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, in the amount of Two Hundred Fifty ($250,000.00) Dollars and for compensatory damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## SUPPLEMENTAL JURISDICTION

## COUNT VII
**GROSS NEGLIGENCE/NEGLIGENCE**
**(ALL DEFENDANTS)**

78  Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

79. That Defendants were negligently, grossly negligently, recklessly, willfully, wantonly, maliciously and/or intentionally refusing to use due care to ascertain to a probable degree of certainty that Plaintiff had committed a criminal offense prior to arresting Plaintiff.

80. That the acts and/or omissions of Defendant Officers, includes, but is not limited to, failing to release Plaintiff when there was no probable cause to detain, arrest or search Plaintiff, failing to intervene but instead using excessive force in arresting Plaintiff, which was grossly negligent, reckless, willful and wanton, violation of police general orders and such conduct is outside the scope of any claims of governmental immunity.

81. That Defendants' actions complained of herein are against police policies and regulations and are outside the scope of governmental immunity.

82. That the acts complained of herein on the part of Defendants as Grand Rapids Police Officers were in violation of the Grand Rapids Police Department's policies, customs and/or practices.

83. That Defendants' acts and/or omissions complained of herein were willful, wanton and grossly negligent in violation of Plaintiff's Michigan constitutional rights to life, safety, and general welfare.

84. That it was/is the duty of Defendants to use due care and caution and not intentionally expose Plaintiff to harm or injury.

85. That notwithstanding said duties, Defendants as Grand Rapids Police Officers, breached and were negligent and/or grossly negligent in that:

   a. On December 1, 2018, Defendants negligently failed to perform a proper investigation to determine if there was probable cause to arrest or detain Plaintiff, but instead unjustly detained and arrested Plaintiff and conspired to create probable cause to arrest and prosecute Plaintiff;

  b. That as a direct and proximate result of the tortious conduct of Defendants, Plaintiff has sustained severe and permanent personal injury, both physical and mental, which injuries have caused and in the future continue to cause great pain and suffering, fright, shock, mental anguish, embarrassment, humiliation, mortification, aggravation, and/or depressive neurosis, traumatic neurosis, psychiatric injury, loss or impairment of social and recreational pleasures, loss of property, both real and personal, loss or impairment of earning capacity and/or wages, deprivation of freedom of motion, and disgrace;

  c. Furthermore, as a proximate result of the tortious conduct of Defendants, the Plaintiff has incurred, and in the future may additionally incur expenses for the diagnosis and treatment of his injuries and for psychotherapy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendants, jointly and severally in the amount of two hundred Fifty Thousand ($250,000.00) Dollars or whatever amount is shown to be established by the proofs in this cause, together with interest, costs, and reasonable attorney fees, exemplary and punitive damages.

## COUNT VIII

### INTENTIONAL AND/OR NEGLIGENT
### INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

86. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

87. That Plaintiff sustained psychological, mental and emotional injury as a result of the actions by the Defendants, including failure to protect, assault and battery, malicious prosecution, unlawful seizure and violation of due process described herein.

88. That the acts complained of herein constitute grossly negligent infliction and/or negligent infliction of emotional distress upon Plaintiff.

WHEREFORE, Plaintiff claims actual damages against Defendants in an amount of Two Hundred Fifty Thousand ($250,000.00) Dollars or whatever amount they are found to be entitled, together with costs, interest and attorney fees.

### COUNT IX

### STATUTORY AND COMMON LAW MALICIOUS PROSECUTION

89. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

90. That Defendants instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice.

92. MCLA 600.2907 provides for civil and criminal liability for every person who, for vexation, trouble or with malice causes another to be arrested, attached or in any way proceeded against by any process or civil or criminal action without that person's consent.

93. That the individual Defendant Officers caused plaintiff to be charged with criminal activity.

94. That the action was terminated in Plaintiff's favor because it was a bogus charge made with no probable cause.

95. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiff suffered severe emotional distress and sustained the following injuries and damages.

      a. Physical injuries;

      b. Pain, suffering, and emotional distress;

      c. Post-traumatic stress disorder;

      d. Injuries to his reputation;

   e. Humiliation, mortification, and embarrassment;

WHEREFORE, Plaintiff claims actual damages against Defendants in an amount of Two Hundred Fifty Thousand ($250,000.00) Dollars or whatever amount they are found to be entitled, together with costs, interest and attorney fees.

## COUNT X

### COMMON LAW FALSE IMPRISONMENT/FALSE ARREST

96. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

97. Defendants arrested Plaintiff as stated above.

98. Defendants handcuffed Plaintiff as stated above.

99. That Plaintiff was placed in a police car, handcuffed and detained and her free will to leave was taken away, booked and jailed.

100. That there are questions as to whether Plaintiff should have been arrested and/or prosecuted, and the above acts of restraining Plaintiff were intentional.

101. As a direct and proximate result of Defendant's intentional and/or reckless conduct, Plaintiff suffered severe emotional distress and sustained the following injuries and damages.

   a. Physical injuries;

   b. Pain, suffering, and emotional distress;

   c. Post-traumatic stress disorder;

   d. Injuries to his reputation;

   e. Humiliation, mortification, and embarrassment;

WHEREFORE, the Plaintiff respectfully request that this Honorable Court grant judgment in the amount of Two Hundred Fifty ($250,000.00) Dollars against all Defendants or in an amount which is fair, just and reasonable together with interest, costs and attorney fees, exemplary damages and any relief the court deems proper.

Respectfully Submitted,

/s/Carl Jackson III
**CARL JACKSON III (P46868)**
CARL JACKSON III. J.D., P.C.
Attorney for Plaintiff
32255 Northwestern Hwy., Ste. 224
Farmington Hills, MI 48334
P: (248) 932-2559 | F: (248) 932-0559
cj3@cj3law.com

Dated: September 9, 2021

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this Civil Action.

Respectfully Submitted,

/s/Carl Jackson III
**CARL JACKSON III (P46868)**
LAW OFFICE OF CARL JACKSON, III
Attorney for Plaintiff
32255 Northwestern Hwy., Ste. 224
Farmington Hills, MI 48334
P: (248) 932-2559 | F: (248) 932-0559
cj3@cj3law.com